B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Brian Sawyer et al<br>1874 Piedmont Ave Ne Suite 580#<br>Atlanta, GA 30324 | **DEFENDANTS**<br>David Roger Thompson |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known)<br>Emory L. Clark, GA Bar No. 126750<br>Clark & Washington, L.L.C.<br>3300 Northeast ExpresswayBuilding 3 Atlanta, GA 30341 |
| **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☑ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint objecting to the dischargeablity
11 USC 523(a)(4) & 11 USV 523(a)(11)
Fraud

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☑ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☑ 65-Dischargeability - other
   523(a)(11), provided in any final judgment..,consent order..,any settlement agreement ...

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 150,000.00 |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>David Roger Thompson | | BANKRUPTCY CASE NO.<br>18-69638-pmb | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District | | DIVISION OFFICE | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br>2/14/19 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Brian U Sawyer | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY
COURT NORTHERN DISTRICT OF
GEORGIA ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 18-69638-PMB |
| DAVID ROGER THOMPSON, | CHAPTER 7 |
| Debtor(s). | JUDGE _____ |
| | ADV. NO.: |
| BRIAN SAWYER,<br>CHARLES O'KELLEY,<br>MARTIN MARSHALL,<br>Plaintiff | COMPLAINT FOR:<br><br>**NONDISCHARGEABLILITY OF DEBT PURSUANT TO 11 U.S.C. §523(a)(4) §523(a)(11)** |
| v. | |
| DAVID ROGER THOMPSON, Debtor,<br>Defendant | |

## COMPLAINT OBJECTING TO DISCHARGEABILITY OF INDEBTEDNESS
## (11 U.S.C. §523)

NOW COMES Plaintiff, Brian Sawyer, Charles O'Kelley, and Martin Marshall, to allege and complain as follows:

I. PARTIES AND JURISDICTION

1. Plaintiffs are individuals residing and doing business in the State of Georgia and is entitled to bring this action.

2. Defendant filed a Chapter 7 bankruptcy petition on 11/21/2018 in the Northern District of the State of Georgia.

3. Jurisdiction is vested in this proceeding pursuant to 28 U.S.C. § 157, 28 U.S.C. §1334, and 11 U.S.C. §523; this proceeding is a core matter.

4. Plaintiff is a creditor in this bankruptcy proceeding and is the original party in interest.

II. **CAUSE OF ACTION**

1. Plaintiff re-alleges and incorporations by reference the allegations set forth in paragraph 1 through 4, above.

2. Defendant entered into consent judgment for $150,000.00 with Brian Sawyer individually and as successor for ASHC, LLC, Charles O'Kelley, individually, and Martin Marshall, individually on 4/23/2018 pursuant to case 2014CV246720 filed in the Superior Court of Fulton County, Atlanta GA.

3. The Consent judgment was entered into the record "FINAL ORDER" by The Honorable Judge Tom Campbell on 4/23/2018.

4. On Count X of their Verified Complaint for Fraudulent Transfer, Plaintiffs is case 2014CV246720 seek to avoid the transfer from David Magazine, Inc. to DRT Media Group, Inc. The Complaint alleges that Thompson transferred David Magazine from David Magazine, Inc. to DRT Media Group, a company owned solely by him, to avoid the debts and obligations of David Magazine, Inc., including those to Plaintiffs. As such, Plaintiffs are entitled to judgment for Fraudulent Transfer against Defendant.

5. Plaintiffs are entitled to judgment on Count III of their Verified Complaint for breach of fiduciary duty against Defendant Thompson. Thompson admits that, while managing the asset David Magazine, he misappropriated funds for his own benefit, rather than the benefit of Plaintiffs as actual owners. As a result of Thompson's defalcation, Plaintiffs are entitled to judgment against him, individually, in the amount of $150,000.

6. Plaintiff reasonably relied on the representations made by the defendant, defendant's attorney, John Waters Esq, and the final order "CONSENT JUDGEMENT".

7. Defendant incurred the debts when they had no objective intent to repay them.

8. Defendant obtained the credit resulting in debt from the Plaintiff by false pretense, false representations and/or actual fraud and while in a fiduciary role.

9. Defendant filed this petition to defraud Plaintiff and deny property and monies.

10. Defendant has falsely represented documents to this court.

11. As a result of Defendant's conduct, Plaintiff has suffered damages in the amount of $150,000.00 plus cost and fees.

12. Pursuant to 11 USC §523(a)(4) & 11 USC §523(a)(11), Defendant should not be granted a discharge of this debt to the Plaintiff in the Amount of $150.000.00

13. Defendant filed petition knowingly omitting the facts and Consent Judgement granting judgement for $150,000.00 and judgment for Fraudulent Transfer against defendant.

14. Defendant knowingly avoided communication prior to this Petition with Plaintiff despite numerous attempts by Plaintiff.

### III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this court grant the following relief:

1. A monetary judgment against Defendant in the amount of $150,000.00, plus accrued interest at the maximum allowed by Georgia Law and to accrue until the date of judgment herein;

2. An order determining that such debt is non-dischargeable under 11 USC §523(a)(4) & 11 USC §523(a)(11);

3. An order awarding Plaintiff its attorneys' fees and cost incurred herein; and

4. An order awarding Plaintiff such additional relief as this Court deems just and equitable.

DATED: February 14, 2019

Brian M Sawyer

1874 Piedmont Ave NE Suite 580E

Atlanta, GA 30324

404-814-3014

Fulton County Superior Court
***EFILED***QW
Date: 4/23/2018 3:50 PM
Cathelene Robinson, Clerk

# IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| BRIAN SAWYER, ) <br> CHARLES O'KELLEY, ) <br> MARTIN MARSHALL, and ) <br> ASHC, LLC, ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> DRT MEDIA GROUP, INC., ) <br> DAVID THOMPSON, ) <br> DAVID MAGAZINE, INC., ) <br> SOVO, INC., and GAYDAR ) <br> MAGAZINE, INC., ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION NO. <br><br> 2014CV246720 |

## FINAL ORDER CONSENT JUDGMENT

Plaintiffs Brian Sawyer, Charles O'Kelley, Martin Marshall, and ASHC, LLC and Defendants DRT Media Group, LLC, David Thompson, David Magazine, Inc., SoVo, Inc., and Gaydar Magazine, Inc. agree that a consent judgment shall be entered in this case, as evidenced by the signatures below. As agreed by the parties, it is

ORDERED AND ADJUDGED that this Consent Judgment be entered on this date, and that Plaintiffs have the following relief:

On Count I of their complaint for Declaratory Judgment, Plaintiffs are

entitled to Judgment that ownership of David Magazine, Inc. and SoVo, Inc. is vested in Plaintiff Marshall for 51%, Plaintiff O'Kelley for 25%, and ASHC, LLC (as successor to Rodriquez) for 24%; and that ownership of Gaydar Magazine, Inc. is vested in Marshall for 26%, Sawyer for 25%, O'Kelley for 25%, and ASHC for 24%.

On Count X of their Verified Complaint for Fraudulent Transfer, Plaintiffs seek to avoid the transfer from David Magazine, Inc. to DRT Media Group, Inc. The Complaint alleges that Thompson transferred David Magazine from David Magazine, Inc. to DRT Media Group, a company owned solely by him, to avoid the debts and obligations of David Magazine, Inc., including those to Plaintiffs. As such, Plaintiffs are entitled to judgment for Fraudulent Transfer against Defendants. David Magazine, and its successors, including all intellectual property, associated personal property, books, records, and accounts are therefore transferred to David Magazine, Inc.

Thompson and DRT agree to transfer their interest in Goliath Magazine to Plaintiffs.

Thompson and DRT Media Group shall cooperate in any ways requested by Plaintiffs to transfer the interests in David Magazine, Inc., SoVo, Inc., Gaydar Magazine, Inc., David Magazine, and Goliath Magazine to Plaintiffs as specified above.

Plaintiffs are entitled to judgment on Count III of their Verified Complaint for breach of fiduciary duty against Defendant Thompson. Thompson admits that, while managing the asset David Magazine, he misappropriated funds for his own benefit, rather than the benefit of Plaintiffs as actual owners. As a result of Thompson's defalcation, Plaintiffs are entitled to judgment against him, individually, in the amount of $150,000.

Plaintiffs withdraw their remaining counts. The Parties agree to bear their own attorney's fees

Further, this Court has previously appointed a Receiver, Douglas H. Tozzi, to manage the Corporate Defendants, consistent with the Court's order on July 17th, 2017. The Receiver is hereby discharged from his duties and is directed to provide the Court a final report on his unpaid fees within twenty (20) days of the issuance of this Order.

SO ORDERED this 23rd day of April, 2018.

_____
The Honorable Judge Tom Campbell
Superior Court of Fulton County

Prepared by:

_____
Todd J. Poole

Consented to by:

_____
Jonathan Perry Waters (by Todd J. Poole with express written permission)

| | |
|---|---|
| Georgia Bar No. 583755<br>315 W. Ponce de Leon Ave.<br>Suite 344<br>Decatur, Georgia 30030<br>Telephone: (404) 373-4008<br>Attorney for Plaintiffs | Georgia Bar No. 740135<br>2476 Vineville Ave.<br>Macon, GA 31204<br>Telephone (478) 750-1800<br>Attorney for Defendants |