**IT IS ORDERED as set forth below:**



**Date: August 1, 2019**

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In re:<br><br>**DAVID ROGER THOMPSON,**<br><br>Debtor.<br><br>**BRIAN SAWYER,<br>CHARLES O'KELLEY, and<br>MARTIN MARSHALL,**<br><br>Plaintiffs,<br><br>v.<br><br>**DAVID ROGER THOMPSON,**<br><br>Defendant. | **CASE NO. 18-69638-PMB**<br><br>CHAPTER 7<br><br><br><br><br>ADVERSARY PROCEEDING<br><br>NO. **19-5119** |

## ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL DISMISSAL

The above-styled Adversary Proceeding (the "Adversary Proceeding") was commenced through the filing of a *Complaint Objecting to Dischargeability of Indebtedness* (the "Complaint")

(Docket No. 1), ostensibly [1] by the Plaintiffs Brian Sawyer, Charles O'Kelley, and Martin Marshall (collectively, the "Plaintiffs") against the Chapter 7 Debtor, David Roger Thompson (the "Debtor"), on February 14, 2019.  In the Complaint, the Plaintiffs seek a determination of dischargeability of debt against the Debtor under 11 U.S.C. § 523(a)(4) and § 523(a)(11).  In response, the Debtor filed the *Defendant's Motion to Dismiss* (the "Motion")(Docket No. 5) on March 1, 2019.  In support of the Motion, the Debtor also filed a *Brief in Support* (Docket No. 6).  The Motion and Brief were served on the Plaintiffs (Docket No. 7).  No response to the Motion has been filed by any of the Plaintiffs.  Pursuant to BLR 7007-1(c), the Motion is thus considered to be unopposed.

## FACTS

The following material facts of this case appear to be undisputed.  Plaintiffs are former business associates of the Debtor.  Business went bad and the relationship broke down.  Litigation ensued.  Prior to the filing of the Debtor's bankruptcy petition, Plaintiffs and the Debtor entered into a consent judgment in the State Court of Fulton County (the "Consent Judgment").  The Consent Judgment, a copy of which is attached to the Complaint,[2] provides in part that the Debtor, while managing the assets of David Magazine, Inc., misappropriated funds for his own benefit, rather than the benefit of Plaintiffs as the owners.  The Consent Judgment further finds that, as a result of Debtor's defalcation, Plaintiffs are, *inter alia*, entitled to judgment against the Debtor, individually, in the amount of $150,000.

---

[1] *See* pages 6 - 10 below.

[2] The Debtor does not challenge the Consent Judgment in any way in the Motion.  Motion and Brief, *passim*.

On November 21, 2018, the Debtor filed for bankruptcy under Chapter 7 of title 11, United States Code (the "Bankruptcy Code").  The Complaint was filed on February 14, 2019.  In the Complaint, Plaintiffs allege that their claims against the Debtor are non-dischargeable pursuant to 11 U.S.C. § 523(a)(4) and 11 U.S.C. § 523(a)(11).  The cover sheet to the Complaint listed "Brian Sawyer et al" as the plaintiff(s), and the first page of the Complaint includes Charles O'Kelley and Martin Marshall as plaintiffs; however, only Brian Sawyer signed the Complaint.  None of the three purported Plaintiffs is represented by an attorney in this matter.

On March 1, 2019, the Debtor filed the Motion pursuant to Federal Rule of Bankruptcy Procedure 7012(b), which adopts in part Rule 12 of the Federal Rules of Civil Procedure.  In the Motion, the Debtor makes two arguments.  First, he asserts that none of the three Plaintiffs may assert, under 11 U.S.C. § 523(a)(11), that their claim(s) are non-dischargeable.  According to the plain language of 11 U.S.C. § 523(a)(11), for Plaintiffs to avail themselves of this section, the fraud or defalcation must have been committed by the Debtor "while acting in a fiduciary capacity committed with respect to any *depository institution* or *insured credit union.*''  11 U.S.C. § 523(a)(11)(emphasis added).  Here, Plaintiffs are individuals, not a "depository institution or insured credit union" as defined in 11 U.S.C. §101(34) and (35).  Second, as to O'Kelley and Marshall, they cannot prevail under either 11 U.S.C. § 523(a)(11) or 11 U.S.C. § 523(a)(4) because they did not file the Complaint – they did not sign the Complaint themselves, nor can they be represented by Sawyer, a non-attorney acting *pro se*.[3]  In addition, O'Kelley and Marshall failed

---

[3] It appears that Sawyer is not an attorney because (i) he does not provide a bar number on the Complaint as required by BLR 5005-1(e), and (ii) his name cannot be located on the website of the State Bar of Georgia as a currently licensed attorney.  *See* http://www.gabar.org/membership/membersearch.cfm.

3

to save their claims timely. Thus, O'Kelley or Marshall have not stated any claim upon which relief can be granted.

## ISSUES FOR DECISION

Upon consideration of all the pleadings and briefs filed in this matter, and based on the undisputed facts, for the reasons discussed below, Plaintiffs have not stated a claim upon which relief can be granted under 11 U.S.C. § 523(a)(11), and Charles O'Kelley and Martin Marshall have not stated a claim upon which relief can be granted under either 11 U.S.C. § 523(a)(4) or 11 U.S.C. § 523(a)(11) because they have not timely and properly asserted any claims. Therefore, the Debtor's Motion will be granted.

## LEGAL ANALYSIS[4]

I. Standard for a Motion to Dismiss

A motion to dismiss for failure to state a claim is governed by Rule 12(b)(6), Fed.R.Civ.P., made applicable to adversary proceedings by Rule 7012, Fed.R.Bankr.P. To survive a motion to dismiss, a complaint must contain sufficient factual matter that, if accepted as true, would "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)(quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). As the Supreme Court explained in *Iqbal*, a complaint need not contain detailed factual allegations to survive a Rule 12(b) motion; however, labels and conclusions or a "formulaic recitation" or "threadbare recital" of the elements of a cause of action do not suffice. *Id.* Therefore, the court must decide whether the complaint "contains either direct or inferential allegations respecting all

---

[4] The court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157.

the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, *supra*, 550 U.S. at 562.

II. <u>Plaintiffs' Claim Pursuant to 11 U.S.C. § 523(a)(11)</u>

Plaintiffs assert that their claim(s) against the Debtor are non-dischargeable pursuant to 11 U. S. C. § 523(a)(11). Section 523(a)(11), however, plainly is inapplicable to this Adversary Proceeding under the alleged facts. That section provides that a discharge under 11 U.S.C. § 727 does not discharge an individual debtor from any debt—

> provided in any final judgment, unreviewable order, or consent order or decree entered in any court of the United States or of any State, issued by a Federal depository institutions regulatory agency, or contained in any settlement agreement entered into by the debtor, arising from any act of fraud or defalcation while acting in a fiduciary capacity committed with respect to any depository institution or insured credit union.

11 U.S.C. § 523(a)(11).

This provision should not be read to mean that any settlement agreement or final judgment entered by a court is excepted from discharge. *In re Moseley*, 2012 WL 5193956, *5 (Bankr. D. N.M. Oct. 19, 2012). Instead, the Debtor must have committed the fraud or defalcation "while acting in a fiduciary capacity committed with respect to any *depository institution* or *insured credit union*." *Id.* (citation omitted)(emphasis in original). Although Section 523(a)(11) precludes the discharge of debts "arising from the same substantive conduct as that addressed by Section 523(a)(4), the former is narrower in application than the latter because it is limited to acts of fraud or defalcation committed with respect to any depository institution or insured credit union." *In re Hoover*, 301 B.R. 38, 53 (Bankr. S.D. Iowa 2003)(citation omitted); *see also In re Hunter*, 535 B.R. 203, 220 (Bankr. N.D. Ohio 2015). Moreover, "depository institution" and "insured credit

union" are terms of art under the Bankruptcy Code.  A "depository institution" is defined as "any bank or savings association."  11 U.S.C. § 101(35)(referring to 12 U.S.C. § 1813(c)(2)).  In addition, an '"insured credit union" means "any credit union the member accounts of which are insured in accordance with the provisions of subchapter II of [the Federal Credit Union Act]."  11 U.S.C. § 101(34)(referring to 12 U.S.C. § 1752(7)).

Here, Plaintiffs are individuals, not a "depository institution" or an "insured credit union" as defined in 11 U.S.C. § 101(34) and (35).  Consequently, Plaintiffs' reliance on 11 U.S.C. § 523(a)(11) is misplaced and that claim must be dismissed pursuant to Fed. R. Bankr. P. 7012(b)(6) for failure to state a claim upon which relief can be granted.

III.  O'Kelley and Marshall Claim Pursuant to 11 U.S.C. § 523(a)(4)

O'Kelley and Marshall have not stated *any* claim upon which relief can be granted – whether under 11 U.S.C. § 523(a)(11) or 11 U.S.C. § 523(a)(4) – because, procedurally, O'Kelley and Marshall did not file the Complaint, and they cannot be represented by Sawyer, a non-attorney acting *pro se*.  In addition, their claims under Section 523(a)(4) are now time-barred.

O'Kelley and Marshall did not file the Complaint.  Rule 9011, Fed. R. Bankr. P., provides in pertinent part as follows:

> Every petition, pleading, written motion, and other paper, except a list, schedule, or statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name.  A party who is not represented by an attorney shall sign all papers.  Each paper shall state the signer's address and telephone number, if any.

Fed.R.Bankr.P. 9011(a).  Here, no attorney admitted to practice in the Georgia signed the Complaint on behalf of O'Kelley and Marshall.  Thus, the only way O'Kelley and Marshall could have filed the Complaint was by signing it themselves.  Neither O'Kelley nor Marshall, however,

6

signed the Complaint – in fact, there are no signature lines provided for them in the Complaint. The Complaint was signed and filed by Brian Sawyer alone. As far as it relates to claims by O'Kelley and Marshall, Plaintiffs' Complaint was filed in violation of Fed. R. Bankr. P. 9011, and is therefore rendered a nullity. *See Jones ex rel. Jones v. Correctional Med. Servs., Inc.*, 401 F.3d 950, 952 (8th Cir. 2005).

Further, O'Kelley and Marshall cannot be represented by Sawyer, a non-attorney acting *pro se*. Legal representation in federal court is subject to federal law. *In re Parker*, 2016 WL 5763973, *1 (Bankr. W.D. Ky. Oct. 3, 2016)("The Court notes at the outset that the law governing the question of representation is federal law, not state law." (citation omitted)); *see also C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 698 (9th Cir. 1987)(deciding whether a non-lawyer could appear on behalf of a trust, the Ninth Circuit stated that "Oregon practice would not control practice in the federal courts"). Under 28 U.S.C. § 1654, parties in federal cases are authorized to "plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. However, circuit courts, including the Eleventh Circuit, consistently interpret 28 U.S.C. § 1654 as prohibiting a plaintiff from filing a complaint on behalf of another person. The right of a party to appear *pro se* is confined to parties prosecuting "their own cases," but does not extend to parties seeking to represent the interests of other persons. *Franklin v. Garden State Life Ins.*, 462 F. App'x 928, 930 (11th Cir. 2012); *see also Kell v. Smith*, 743 F. App'x 292, 295 (11th Cir. 2018)(noting that Section 1654 provides a "personal right" that does not allow the additional representation of another

7

person's interests).  The Seventh Circuit agrees: "a nonlawyer cannot handle a case on behalf of anyone except himself."  *Georgakis v. Ill. State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013).[5]

The purpose of the rule against non-lawyer representation is to protect the rights of those appearing before the court by "preventing an ill-equipped layperson from squandering the rights of the party he purports to represent."  *Zanecki v. Health Alliance Plan of Detroit*, 576 F. App'x 594, 595 (6th Cir. 2014)(*quoting Myers v. Loudoun Cnty. Pub. Sch.*, 418 F.3d 395, 400 (4th Cir. 2005)).  Notably, the rule against non-lawyer representation in federal court applies even if the plaintiffs were friends or had entered into contract whereby one plaintiff would represent other plaintiff's legal interest.  *See Lutz v. Lavelle*, 809 F.Supp. 323, 325 (M.D. Pa. 1991).

Here, Sawyer is a non-attorney acting *pro se*.  According to the well-established principle against non-lawyer representation, Sawyer is forbidden from representing either O'Kelley or Marshall before this Court.  Even if O'Kelley and Marshall had agreed, in any way, that Sawyer would represent their legal interest, Sawyer had no authority to file the Complaint on their behalf, and O'Kelley and Marshall have thus failed to state proper claims for relief against the Debtor on which relief may be granted.

Last, O'Kelley and Marshall failed to save their claims timely.  The exception to discharge under 11 U.S.C. § 523(a)(4) is not self-executing.  *See* 11 U.S.C. § 523(c)(1).  A creditor holding a debt subject to Section 523(a)(4) must "request" that the debt be excepted from discharge.  *Id.*

---

[5] The Second Circuit and the Ninth Circuit have similar holdings.  *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2nd Cir. 2008)("an individual who is not licensed as an attorney 'may not appear on another person's behalf in the other's cause'"; to proceed *pro se*, "'a person must be litigating an interest personal to him'")(citations omitted); *Simon v. Hartford Life and Accident Ins. Co.*, 546 F.3d 661, 664 (9th Cir. 2008)("courts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity.").

That request, which is in the form of an adversary complaint, must be filed no later than sixty (60) days after the first date set for the Section 341(a) meeting of creditors. Fed. R. Bankr. P. 4007(e); 7001(6) & 4007(c). Under the explicit language of Rule 4007(c), the deadline for commencing an action on a Section 523(c) claim only may be extended if the creditor files an extension motion before the original deadline has run. Fed. R. Bankr. P. 4007(c).[6] Section 523(c) as implemented by Rule 4007(c) "places a heavy burden on the creditor to protect its rights." *In re De la Cruz*, 176 B.R. 19, 22 (B.A.P. 9th Cir. 1994). A debt, such as O'Kelley's or Marshall's claim, is "automatically discharged unless the creditor either files a complaint to determine dischargeability or files a motion for an extension of time within the 60 day statute of limitations." *See Id*. Rules 4007(c) and 9006[7] make it quite clear that the court's sole authority to extend the discharge deadlines is that stated in Rules 4004 and 4007. *In re Bozeman*, 219 B.R. 253, 255 (Bankr. W.D. Ark. 1998).

Neither O'Kelley or Marshall signed or ratified the Complaint prior to the expiration of the discharge deadline, nor did they file a timely motion for an extension of the deadline. The Debtor filed for chapter 7 relief on November 21, 2018 (Main Case Docket No. 1), and the first Section 341(a) meeting of creditors was held on December 19, 2018 (Main Case Docket No. 7). Thus,

---

[6] Fed. R. Bankr. P. 4007 provides in pertinent part as follows:

> a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a) ... On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

Fed. R. Bankr. P. 4007(c).

[7] Rule 9006, which sets forth enlargements of time generally, limits the court's power to extend the deadline to file discharge and dischargeability complaints. *Bozeman*, *supra*, 219 B.R. at 255.

the deadline to file a complaint to determine the dischargeability of a debt under 11 U.S.C. § 523(a)(4) in this case expired on February 19, 2019. Indeed, in the Notice of Meeting of Creditors (the "Notice")(Main Case Docket No. 7) sent to all scheduled creditors, interested parties were advised on bold-faced type that the deadline to "object to discharge or to challenge whether certain debts are dischargeable" was February 19, 2019. The bar date for filing a motion for an extension of time was also February 19, 2019. O' Kelley and Marshall did not file their complaint to determine dischargeability of debt before the bar date, nor did they timely file a motion for an extension of time.

Both the deadline for filing a dischargeability complaint and the deadline for filing a motion for an extension of the deadline are statutes of limitations and are strictly construed. *Bozeman*, *supra*, 219 B.R. at 255. Although there is circuit split regarding whether a party can be relived from the adverse effects of a missed bar date under "unique" or "extraordinary" circumstances,[8] we need not, and do not, reach this question because O'Kelley and Marshall are in no way entitled to equitable exceptions on the record presented.

For the reasons discussed, O'Kelley and Marshall have not stated *any* claim upon which relief can be granted, whether under 11 U.S.C. § 523(a)(11) or 11 U.S.C. § 523(a)(4). Accordingly, O'Kelley's and Marshall's claims should be dismissed *in toto*.

In view of the foregoing, it is hereby **ORDERED** that the Debtor's Motion to Dismiss is **GRANTED** as follows:

---

[8] In *Kontrick v. Ryan*, the United States Supreme Court declined to address whether Rules 4007(c) and 4004's filing deadlines admit of any equitable exceptions and noted circuit split. *See Kontrick v. Ryan*, 540 U.S. 443, 457 n. 11 (2004).

1. The cause of action under 11 U.S.C. § 523(a)(11) is hereby dismissed in its entirety;

2. O'Kelley and Marshall are hereby dismissed as Plaintiffs in this matter, which shall continue as to Plaintiff Sawyer only.

The Clerk is directed to serve a copy of this Order upon the Debtor, counsel for the Debtor, the Plaintiffs, the Chapter 7 Trustee, and the United States Trustee.

**[END OF DOCUMENT]**