**IT IS ORDERED as set forth below:**



**Date: April 28, 2020**

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In re: | : |
| | : CASE NO. **18-69638-PMB** |
| **DAVID ROGER THOMPSON**, | : |
| | : CHAPTER 7 |
| Debtor. | : |
| | : |
| **BRIAN SAWYER,** | : |
| | : |
| Plaintiff, | : |
| | : ADVERSARY PROCEEDING |
| v. | : |
| | : NO. **19-5119** |
| **DAVID ROGER THOMPSON,** | : |
| | : |
| Defendant. | : |

## ORDER GRANTING IN PART
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
## AND ALLOWING PLAINTIFF TIME TO AMEND COMPLAINT

The above-styled Adversary Proceeding (the "Adversary Proceeding") was commenced on

February 14, 2019 through the filing of a *Complaint Objecting to Dischargeability of Indebtedness*

*(11 U.S.C. § 523)*(the "Complaint")(Docket No. 1), in which Brian Sawyer, Charles O'Kelley, and Martin Marshall are named as Plaintiffs (collectively, the "Original Plaintiffs"), against the Chapter 7 Debtor-Defendant, David Roger Thompson (the "Debtor").  In the Complaint, the Original Plaintiffs sought a determination of dischargeability of debt against the Debtor under 11 U.S.C. § 523(a)(4) and § 523(a)(11).  In response, the Debtor filed the *Defendant's Motion to Dismiss* (Docket No. 5) and *Brief in Support* (Docket No. 6).  Through the *Order Granting Defendant's Motion for Partial Dismissal* entered on August 1, 2019 (Docket No. 8), the Court dismissed the cause of action asserted under 11 U.S.C. § 523(a)(11) in its entirety and dismissed O'Kelley and Marshall as plaintiffs.

Currently before the Court is *Defendant's Motion for Summary Judgment* (Docket No. 19)(the "Motion"), filed by the Debtor along with *Defendant's Statement of Material Facts as to Which There Is No Genuine Dispute* (Docket No. 20)(the "Statement of Facts"), *Brief in Support of Defendant's Motion for Summary Judgment* (Docket No. 21)(the "Debtor's Brief"), and *Unsworn Declaration of David Roger Thompson* (Docket No. 18)(the 'Declaration") on January 29, 2020.  In the Motion, the Debtor argues that he is entitled to summary judgment on the nondischargeability claim asserted by the Plaintiff under 11 U.S.C. § 523(a)(4) because there is no genuine issue of material fact relating to the presence of a trust relationship as required to support a finding of nondischargeability under Section 523(a)(4) for defalcation while acting in a fiduciary capacity.  The Motion was served on the remaining Plaintiff Brian Sawyer (the "Plaintiff")(*see* Certificate of Service, Docket No. 22).  No response to the Motion or the Statement of Facts has been filed to date by the Plaintiff.  Pursuant to BLR 7007-1(c) and BLR 7056-1(a), respectively, the Motion is thus considered to be unopposed and the Statement of Facts admitted.

2

**FACTS**

The following material facts of this case are undisputed. The Original Plaintiffs and the Debtor are former business associates. The Plaintiff was an owner of David Magazine, Inc. David Magazine was an asset of David Magazine Inc. and was managed by the Debtor. Statement of Facts, ¶¶ 1-3. After the business failed and the parties' relationship deteriorated, the Original Plaintiffs along with ASHC, LLC (the "Superior Court Plaintiffs") commenced litigation against the Debtor and other entities in the Superior Court of Fulton County, Georgia, which included an allegation of breach of fiduciary duty (*Brian Sawyer, et al. v. DRT Media Group, Inc., et al.,* Civil Action No. 2014CV246720)(the "Superior Court Action"). Statement of Facts, ¶ 6. Prior to the filing of the Debtor's bankruptcy petition on November 21, 2018, the Superior Court Plaintiffs and the Debtor, among others, entered into a *Final Order Consent Judgment* in the Superior Court Action on April 23, 2018 (the "Consent Judgment"). Statement of Facts, ¶¶ 7-8.[1]

The Consent Judgment, a copy of which is attached to the Complaint,[2] provides in part (on page 3), as follows:

> Plaintiffs are entitled to judgment...for breach of fiduciary duty against [the Debtor]. [The Debtor] admits that, while managing the asset David Magazine, he misappropriated funds for his own benefit, rather than the benefit of [the Superior Court] Plaintiffs as the actual owners. As a result of [the Debtor's] defalcation,

---

[1] As noted above, the Statement of Facts is not disputed. In support of these particular facts regarding the nature of the parties' business relationship, the Debtor cites to Paragraph 5 of the Cause of Action section of the Complaint. The Consent Judgment recites that the Superior Court Plaintiffs allege the Debtor "transferred David Magazine from David Magazine, Inc. to DRT Media Group, a company owned solely by him, to avoid the debts and obligations of David Magazine, Inc., including those to [the Superior Court] Plaintiffs." The Consent Judgment directs the Debtor to transfer these interests to the Original Plaintiffs. Consent Judgment, page 2.

[2] The Debtor does not challenge the Consent Judgment in the Motion and admits he agreed to the entry of a judgment against him for $150,000.00 for defalcation. *See* Motion and the Debtor's Brief, *passim*. Although the Debtor states that a copy of the Verified Complaint is attached to the Complaint, only the Consent Judgment is attached. In addition, large parts of the Complaint quote the Consent Judgment, but the Consent Judgment does not cite to a provision of Georgia law to show the specific legal basis of its ruling.

>[the Superior Court] Plaintiffs are entitled to judgment against him, individually, in the amount of $150,000.

Consent Judgment, page 3. The Debtor asserts in the Declaration that although he "managed David Magazine for David Magazine, Inc., [he] never entered into any express trust agreement with David Magazine, Inc., or any of its owners."

## LEGAL ANALYSIS[3]

I. <u>Standard for Motion for Summary Judgment</u>

Summary judgment may be granted pursuant to Fed.R.Civ.P. 56, which is made applicable herein by Fed.R.Bankr.P. 7056, "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). In deciding a motion for summary judgment, the court "is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

The initial burden of proving the absence of dispute as to any material fact rests with the moving party. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). In meeting this initial burden, the moving party must identify "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)(internal quotations omitted).[4] Once the

---

[3] The Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 1334 and this matter is a core proceeding under 28 U.S.C. § 157. Venue is proper under 28 U.S.C. § 1409.

[4] On an issue where the burden of proof on an issue at trial is borne by the non-moving party, the movant may simply "[point] out to the district court that there is an absence of evidence to support the nonmoving party's case." *Celotex, supra*, 477 U.S. at 325, quoted in *Mandel v. Target Corp.,* 2013 WL 12084296, at *1 (S.D. Fla. Nov. 18, 2013). In

party moving for summary judgment has identified those materials demonstrating the absence of a genuine issue of material fact, the non-moving party cannot rest on mere denials or conclusory allegations, but must go beyond the pleadings and designate, through proper evidence such as by affidavits or personal knowledge or otherwise, specific facts showing the existence of a genuine issue for trial. *See* Fed.R.Civ.P. 56(c) & (e); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Johnson v. Fleet Finance Inc.*, 4 F.3d 946, 948-49 (11th Cir. 1993); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115-16 (11th Cir. 1993). Further, all reasonable doubts should be resolved in favor of the non-moving party, and "[i]f reasonable minds could differ on any inferences arising from undisputed facts, summary judgment should be denied." *Twiss v. Kury*, 25 F.3d 1551, 1555 (11th Cir. 1994)(citing *Mercantile Bank & Trust v. Fidelity & Dep. Co.*, 750 F.2d 838, 841 (11th Cir. 1985)).

II.  Plaintiff's Claim Pursuant to 11 U.S.C. § 523(a)(4)

In the Complaint, the Plaintiff asserts that the $150,000 claim under the Consent Judgment is nondischargeable under 11 U.S.C. § 523.[5] The Plaintiff relies on the Consent Judgment to

---

addition, "[w]hen the non-movant has the burden of proof at trial, the movant may carry the initial burden in one of two ways—by negating an essential element of the nonmovant's case or by showing that there is no evidence to prove a fact necessary to the non-movant's case." *Marshall v. Penland*, 2015 WL 1909915, at *2 (S.D. Ga. Apr. 27, 2015), citing *Coats & Clark, supra,* 929 F.2d at 606–08.

[5] The Plaintiff appears to be *pro se,* and seeks entry of judgment although, as noted above, the Consent Judgment has already been entered. The Plaintiff variously alleges in the Complaint, through references to the Verified Complaint filed in the Superior Court Action, that the Debtor is liable for fraudulent transfer, breach of fiduciary duty, and defalcation. The Plaintiff also alleges the Debtor incurred certain obligations by false pretense, false representations, and/or actual fraud while acting in a fiduciary role. The Plaintiff further alleges the Debtor filed his bankruptcy petition to defraud him and deny Plaintiff his property, and that he has falsely represented documents and omitted facts. *See* Complaint, II. Cause of Action, ¶¶ 4-14. The Plaintiff is listed in Schedule D with the Original Plaintiffs as holding a claim for $150,000.00. In the Prayer for Relief, and consistent with the Adversary Cover Sheet, the Plaintiff cites only 11 U.S.C. §§ 523(a)(11) and (a)(4). As noted above, the claim under Section 523(a)(11) has already been dismissed. Thus, the only remaining claim expressly asserted is under Section 523(a)(4). As noted by the Debtor in the Debtor's Brief, the facts set forth in the Complaint might, if supplemented with additional facts,

establish these allegations. Section 523(a)(4) excepts from discharge any obligation "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny…."[6] Analysis of a fiduciary relationship under Section 523(a)(4) requires an inquiry into the following: (1) whether the debtor held a fiduciary position in relation to the plaintiff under a technical, express, or statutory trust; (2) whether the trust existed at the time of the alleged wrongdoing; and (3) whether there was fraud or defalcation. *White v. White (In re White)*, 550 B.R. 615, 621-22 (Bankr. N.D. Ga. 2016)(citations omitted). The fiduciary relationship required under the federal standard is narrowly construed and "must arise in connection with a technical trust, as opposed to a constructive or resulting trust, with a definite trust res and identified management duties and obligations, which exist apart from any wrongdoing." *Invest Atlanta Regional Center, LLC v. Smith (In re Smith)*, 578 B.R. 866, 877 (Bankr. N.D. Ga. 2017), citing *In re Watford*, 374 B.R. 184, 189-91 (Bankr. M.D. N.C. 2007); *see also Quaif v. Johnson (In re Quaif)*, 4 F.3d 950, 953 (11th Cir. 1993). Stated differently, the trust relationship must be in place prior to the act creating the liability at issue as distinguished from a trust arising from the alleged defalcation as a form of

---

set forth a basis for nondischargeability under 11 U.S.C. § 523(a)(2), but the allegations in that regard are inadequate to survive the Motion, as explained in the Debtor's Brief. Some of those allegations also suggest conduct during this case that might (if more fully fleshed out) justify denying a discharge altogether (*see* Complaint, ¶ 10), but no claims under 11 U.S.C. § 727 were asserted in the Complaint nor was such relief requested anywhere in the Complaint, and the time to expressly assert such claims has expired.

[6] As the creditor, the Plaintiff bears the burden of establishing grounds for nondischargeability under Section 523(a)(4) and such exceptions are to be strictly construed. *Georgia Lottery Corp. v. Tamri (In re Tamri)*, 2017 WL 4325564 (Bankr. N.D. Ga. Sept. 27, 2017)(citations omitted). Although more lenient consideration is to be afforded to *pro se* litigants, they are not excused from complying with the legal standards needed to avert summary judgment. *Nalls v. Coleman Low Fed. Inst.*, 307 F.App'x 296, 298 (11th Cir. 2009)(per curiam).

remedy.  *See Guerra v. Fernandez-Rocha (In re Fernandez-Rocha)*, 451 F.3d 813, 816 (11th Cir. 2006).[7]

As the Debtor argues, under the above-stated test, the Plaintiff cannot establish the existence of a fiduciary relationship arising out of a technical trust as required by federal law.  The undisputed facts show that the relationship between the Debtor and the Plaintiff is properly characterized as an ordinary business relationship whereby the Debtor was hired to manage the affairs of David Magazine, which was an asset of a company of which the Plaintiff was an owner. Under Georgia law:

> [a] corporate officer or director owes to the corporation and its stockholders a fiduciary or quasi-fiduciary duty, which requires that they act in utmost good faith. Directors and officers in the management and use of corporate property in which they act as fiduciaries and are trustees are charged with serving the interests of the corporation as well as the stockholders.

*Thunderbolt Harbour Phase II Condo. Ass'n, Inc. v. Ryan*, 326 Ga. App. 580, 582, 757 S.E.2d 189, 191 (2014)(internal citation and punctuation omitted), quoting *Enchanted Valley RV Park Resort, Ltd. v. Weese,* 241 Ga.App. 415, 423(5), 526 S.E.2d 124 (1999).

In a bankruptcy action under Section 523(a)(4), however, "[a]lthough a corporate manager certainly owes the owners a duty of care, an ordinary business relationship does not establish the requisite fiduciary capacity to meet the federal test under Section 523(a)(4)."  *Hot Shot Kids Inc.*

---

[7] Once the appropriate fiduciary relationship is shown, the creditor must then prove the debtor committed a defalcation with either knowledge of the impropriety of the behavior at issue or conscious disregard of the risk that such conduct violated such duties.  *Smith, supra*, 578 B.R. at 877, quoting *Bullock v. BankChampaign, N.A.,* 569 U.S. 267, 273-74, 133 S.Ct. 1754, 185 L.E.2d 922 (2013).

*and Pauley v. Pervis (In re Pervis)*, 497 B.R. 612, 640 (Bankr. N.D. Ga. 2013). In *Pervis, supra*, the court observed as follows:

> A number of bankruptcy courts in Georgia have considered whether an officer or director of a Georgia corporation or a manager of a Georgia LLC or a partner in a partnership is a fiduciary under Section 523(a)(4). The near-unanimous result is that they are not. *See Tarpon Point, LLC v. Wheelus (In re Wheelus),* 2008 WL 372470 (Bankr. M.D. Ga. 2008)(manager of limited liability company is not a fiduciary); *Davis v. Conner (In re Conner),* 2010 WL 1709168 (Bankr. M.D. Ga. 2010)(partner is not a fiduciary); *Millburn Partners, LLC v. Miles (In re Miles),* 2011 WL 1124183 (Bankr. N.D. Ga. 2011)(officer and director is not a fiduciary); *Blashke v. Standard (In re Standard),* 123 B.R. 444 (Bankr. N.D. Ga. 1991)(general partner is not a fiduciary).

497 B.R. at 640. The court further concluded that Georgia statutes such as O.C.G.A. §§ 14–2–830 and 14–2–842 "do not impose a heightened duty on the officer or director and do not use the term 'fiduciary' to describe the duties or in any way speak in terms of a trust." 497 B.R. at 640. *See also Hinton v. Blocker (In re Blocker)*, 2020 WL 247311 at *6-7 (Bankr. N.D. Ga. Jan. 15, 2020)(holding manager and member of limited liability corporation did not hold trust-like duties sufficient to satisfy federal test for fiduciary status); *National Identity Solutions, LLC v. Logan (In re Logan)*, 2015 WL 4940041 (Bankr. N.D. Ga. July 1, 2015); *compare White, supra*, 550 B.R. at 621-22 (holding partnership does not create trust relationship required under Section 523(a)(4)). Although Georgia law provides that a member or manager of a limited liability company has "fiduciary duties,"[8] these duties have been held insufficient for purposes of satisfying the strict test for determining fiduciary status under Section 523(a)(4). *Blocker, supra*, at *7, citing *Logan*,

---

[8] *See Internal Med. Alliance, LLC v. Budell*, 290 Ga.App. 231, 236-37, 659 S.E.2d 668, 673-74 (2008).

*supra*, at *7.[9]  To conclude that absent an agreement providing for such duties, all members of a business partnership are fiduciaries for purposes of Section 523(a)(4) would impermissibly exceed the scope of this dischargeability exception.  *White, supra*, 550 B.R. at 622 (citations omitted).

Here, no trust agreement has been alleged or produced by the Plaintiff in connection with the Debtor's management duties, and the Debtor has provided an uncontroverted statement that no such agreement existed.  Further, no state or federal statutory basis for imposing such a trust on the parties' business relationship has been offered in compliance with the federal test for nondischargebility.  As such, the appropriate fiduciary status has not been shown.

Finally, the allegations made by the Plaintiff in the Complaint appear to be similar to the findings set forth in the Consent Judgment.  In such circumstance, collateral estoppel or issue preclusion could operate to bar relitigation of such findings for purposes of the Court's analysis herein under Section 523(a)(4).  *See Davis v. Conner (In re Conner)*; 2010 WL 1709168 at *2 (Bankr. M.D. Ga. Apr. 23, 2010).[10]  Since the Consent Judgment was entered by a Georgia court, the Court applies Georgia law to determine the preclusive effect of its findings herein.  *Conner*,

---

[9] As further stated in *Logan, supra*, at *7, due to the strict nature of the federal test, "state law definitions of fiduciary capacity, which often encompass broad concepts of loyalty, good faith, and fair dealing, fail to satisfy § 523(a)(4)." (citations omitted).  There is authority, however, concluding such state law duties can meet this test.  *See e.g. Centra Bank, Inc. v. Burton (In re Burton)*, 416 B.R. 539, 543-46 (Bankr. N.D. W.Va. 2009)(holding that "fiduciary relationship between a corporate officer and/or director to the corporation and its shareholders is a trust-type obligation that satisfies the 'fiduciary' requirement of § 523(a)(4)").  *See also Mullen v. Jones (In re Jones)*, 445 B.R. 677, 708 (Bankr. N.D. Tex. 2011)(holding that under Texas law, debtor acting as president and director of corporate general partner for limited partnership did act in fiduciary capacity with respect to shareholder for purposes of Section 523(a)(4)), citing M*oreno v. Ashworth (In re Moreno)*, 892 F.2d 417, 421 (5th Cir. 1990)(holding that in stricter context of federal dischargeability exception, corporate officer stands in requisite fiduciary capacity with corporation and its shareholder).  This Court follows the overwhelming precedent in this district construing Georgia law.

[10] Claim preclusion or *res judicata* does not apply because although a state court can enter a decision on liability and damages, a claim for nondischargeability cannot be raised in a state court proceeding.  *See White, supra*, 550 B.R. at 622 (citations omitted).

9

*supra*, citing *St. Laurent v. Ambrose (In re St. Laurent)*, 991 F.2d 672, 675-76 (11th Cir. 1993).

Under Georgia law:

> [T]he doctrine of collateral estoppel precludes relitigation when there is: (1) an identity of parties or their privies; (2) a previous determination of the same or similar issues in a previous court with competent jurisdiction; and (3) [collateral estoppel] precludes only those issues actually litigated or by necessity had to be decided for the judgment to be rendered.

*Conner*, *supra*, at *2, quoting *Cincinnati Ins. Co. v. MacLeod,* 259 Ga.App. 761, 577 S.E.2d 799, 803 (2003) *cert. denied.* (June 9, 2003)(citations omitted).  Although state law may be relevant in deciding whether a trust obligation exists, as stated above federal law is ultimately determinative with respect to the existence of a fiduciary relationship in this context.

The findings and admissions in the Consent Judgment regarding breach of fiduciary duty by the Debtor are not expressly or implicitly based on the existence of a technical, express, or statutory trust.  *See Conner, supra*, at *3-*4.  Because the Consent Judgment did not explicitly state, and indeed did not of necessity need to state, that such a trust relationship existed, its finding on the issue of defalcation is not entitled to preclusive effect for purposes of this Court's analysis of the Debtor's fiduciary status in relation to the Plaintiff under Section 523(a)(4).

Based on the above, the Debtor has shown that he is entitled to entry of summary judgment in part with respect to the Plaintiff's remaining theory of recovery that the Debtor's obligation under the Consent Judgment is nondischargeable under Section 523(a)(4).  More particularly, the foregoing establishes that the Debtor is entitled to summary judgment under Section 523(a)(4) to the extent the Plaintiff seeks relief based on fraud or defalcation in a fiduciary capacity by the Debtor.  However, the Plaintiff has not so limited his Section 523(a)(4) claim in the Complaint. Section 523(a)(4) also excepts liabilities incurred through embezzlement or larceny, and the

Plaintiff has asserted in the Complaint that the Debtor "misappropriated funds for his own benefit." Although these bare allegations are insufficient to set forth a cause of action under Section 523(a)(4), they were not addressed by the Debtor in the Debtor's Brief, and thus are not, strictly speaking, subject to the Motion. Further, the Plaintiff should be permitted to flesh them out further, if he is able, so the Court can determine whether they describe a cause of action under Section 523(a)(4) in favor of the Plaintiff, Thus, it is hereby

**ORDERED** that the Debtor's Motion is **GRANTED IN PART** and Plaintiff's claims under 11 U.S.C. § 523(a)(4) are **DISMISSED** *to the extent* that the Plaintiff seeks a determination of nondischargeability on grounds of fraud or defalcation while acting in a fiduciary capacity under 11 U.S.C. § 523(a)(4). It is further

**ORDERED** that the Plaintiff is *allowed* through and including **twenty-eight (28) days from the date of entry of this Order** to amend his Complaint to plead with more specificity any other grounds under 11 U.S.C. § 523(a)(4) that he believes apply. The Debtor is allowed **thirty (30) days** from the date of service of any such amended complaint to file an answer or otherwise respond to same.

In the event that the Plaintiff does not amend the Complaint within the time allowed, the Court will enter an Order granting the Motion as to the remainder of the Complaint and this Adversary Proceeding will be dismissed.

The Clerk is directed to serve a copy of this Order upon the Debtor, counsel for the Debtor, the Plaintiff, the Chapter 7 Trustee, and the United States Trustee.

**[END OF DOCUMENT]**